IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR PALMA <br> 4327 Ravensworth Road, Apt. 407 <br> Annandale, Virginia 22003 <br><br> and <br><br> ROBERTO ALEMAN <br> 12092 Stallion Court <br> Woodbridge, Virginia 221192 <br><br> PLAINTIFF, <br><br> v. <br><br> MONUMENT CONSTRUCTION <br> CORPORATION OF DC <br> 1090 Vermont Avenue, NW, Suite 800 <br> Washington, DC 20005 <br><br>    SERVE REGISTERED AGENT: <br>    Pravin M. Dalsania <br>    13517 Gresham Court <br>    Bowie, Maryland 20720 <br><br> and <br><br> PRAVIN M. DALSANIA <br> 13517 Gresham Court <br> Bowie, Maryland 20720 <br><br> DEFENDANTS. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *    Civil Action No.: <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Oscar Palma ("Palma") and Roberto Aleman ("Aleman") (together, "Plaintiffs"), by and through undersigned counsel, hereby submit their Complaint against Defendants Monument Construction Corporation of DC ("Monument") and Pravin M. Dalsania ("Dalsania") (together, "Defendants"), to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the D.C. Minimum

Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"); the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA"), and for other damages as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiffs are adult residents of the Commonwealth of Virginia. Plaintiffs' written consents to participate in this lawsuit are attached hereto as Exhibit 1.

2. Monument is a corporation formed under the laws of the District of Columbia with its principal place of business in Bowie, Maryland. Monument regularly engages in providing government contract construction services throughout Maryland, the District of Columbia, and Virginia. Dalsania is, on information and belief, the President and principal owner of the Monument. At all times relevant, Defendants were Plaintiffs' "employers" for purposes of the FLSA, DCMWA, and DCWPA.

3. During Plaintiffs' employment, Monument was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). At all times relevant, Monument qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)). At all times relevant, Plaintiffs were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207. At all times relevant, Dalsania was Plaintiffs' supervisor and determined Plaintiffs' rate and method of pay.

4. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28

U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

5. Palma was employed by Defendants from March 2007 through June 6, 2009. Aleman was employed by Defendants from March 2008 through November 1, 2008. At all times relevant, Plaintiffs worked solely for Defendants as full time employees and had no other employment. At all times, Plaintiffs worked for Defendants exclusively as carpenters performing carpenter services at Defendants' construction sites in the District of Columbia and Virginia. While in Defendants' employ, Plaintiffs regularly worked over forty (40) hours per week but were not compensated at the rate prescribed by law for overtime work.

6. During their term of employment with Defendants, Defendants' promised to pay Plaintiffs at the hourly rate prescribed for carpenter work by the Davis Bacon Act, 40 U.S.C.A. § 3141, *et seq.* ("Davis Bacon"). The carpenter rate, as mandated by Davis Bacon, was: $29.12 (May 1, 2006 – April 30, 2007); $30.52 (May 1, 2007 – April 30, 2008); $31.92 (May 1, 2008 – April 30, 2009); $33.38 (May 1, 2009 – Present). *Id.*

7. Despite Defendants' promise to pay Plaintiffs at the rate prescribed for carpenters by Davis Bacon, Defendants' failed and refused to pay Plaintiffs at their promised rate for hours worked. Instead, Defendants regularly paid Plaintiffs at a rate lower than the carpenter rate designated by Davis Bacon.

8. At all times while in Defendants' employ, Plaintiffs only performed the work duties of a carpenter. Plaintiff regularly preformed carpenter duties for Defendants in the District of Columbia and Virginia.

9.      While in Defendants' employ, Plaintiffs regularly worked hours in excess of forty (40) hours per week. Defendants, however, regularly failed and refused to pay Plaintiffs at the rate of one-and-one-half (1½) times their promised carpenter rate for hours worked per week in excess of forty.

10.     At no time while in Defendants' employ did Plaintiffs perform work that meets the definition of exempt work under the FLSA or DCMWA.

11.     Defendants' failure and refusal to pay Plaintiffs all wages promised and overtime at the overtime rate prescribed by law was willful, intentional, and not in good faith.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

12.     Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-11 above, as if each were set forth herein.

13.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

14.     At all times, Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiffs' "employers" under § 207(a)(2). Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs for overtime hours worked, at the overtime rate of not less than one-and-one-half (1½) times Plaintiffs' promised carpenter rate of pay for overtime hours worked each week in excess of forty (40).

15.     Plaintiffs worked overtime on a regular basis while in Defendants' employ but was not paid at the rate of one-and-one-half (1½) times their promised regular hourly rate for hours worked each week in excess of forty. Plaintiffs are entitled to, and are owed, overtime pay at the rate of one and one-half (1½) times their promised hourly rate of pay for hours worked each week in excess of forty (40). Defendants have failed and refused to compensate Plaintiffs (and others similarly situated) properly and as required by law for numerous overtime hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count I for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court or a jury deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

16.     Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-15 above, as if each were set forth herein.

17.     Plaintiffs were "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*. Under the DCMWA, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiffs overtime wages at a rate not less than one-and-one-half (1½) their promised regular hourly rate for work performed each week in excess of forty (40) hours.

18.     Plaintiffs regularly worked over forty (40) hours per week for Defendants while working in the District of Columbia. Defendants, however, failed and refused to pay Plaintiffs at

the overtime rate of one-and-one-half (1½) times his promised regular hourly rate for hours worked each week in excess of forty (40).

19. Defendants' failure and refusal to Plaintiffs all overtime wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count II, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court or a jury deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

20. Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-20 above, as if each were set forth herein.

21. Plaintiffs were "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCWPA, D.C. Code §§ 32-1301 *et seq*. Under the DCWPA § 32-1302, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiffs all wages promised for work that Plaintiffs performed. "Wages" is defined under DCWPA § 32-1301(3) as, "monetary compensation after lawful deductions, owed by an employer for labor or services rendered…"

22. Plaintiffs worked many hours for Defendants in the District of Columbia for which Defendants' failed and refused to pay Plaintiffs all wages promised for job duties performed. Defendants owe Plaintiffs back wages under the DCWPA.

23. Defendants' failure and refusal to pay Plaintiffs all wages promised as required by the DCWPA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count III, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court or a jury deems appropriate.

### COUNT IV
### Breach of Contract

24. Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-24 as if each were set forth herein.

25. Each Plaintiff and Monument entered into an employment contract. Per the terms of the contract, Monument promised, *inter alia*, that in consideration of each Plaintiff performing carpenter work for Monument, Monument would compensate each Plaintiff pursuant to the payment terms agreed to.

26. Each Plaintiff performed, in a workmanlike manner, all carpenter work required by Monument under the contract.

27. Despite full performance by each Plaintiff, Monument failed and refused to pay each Plaintiff as required by the employment contract.

28. Monument's failure to pay each Plaintiff breached each contract and caused each Plaintiff to suffer damages as a consequence thereof.

WHEREFORE, Monument is liable to each Plaintiff under Count IV for damages in such an amount to be proven at trial, interest (both pre- and post-judgment), the cost of this action, and for any other and further relief this Court or a jury deems appropriate.

## COUNT V
### Quantum Meruit

29.     Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-28 as if each were set forth herein.

30.     In the alternative to Count VI, should it be determined that one or both Plaintiffs did not have an employment contract with Monument, each Plaintiff performed carpenter work for Monument under circumstances in which each Plaintiff and Monument reasonably expected that each Plaintiff would be compensated reasonably by Monument for his work.

31.     Monument has failed to pay each Plaintiff the reasonable value of the carpenter services rendered. It would be unjust and inequitable for Monument to be able to benefit by the value of the services rendered by each Plaintiff without paying for those services.

WHEREFORE, Monument is liable to each Plaintiff under Count V, for damages in such an amount to be proven at trial, interest (both pre- and post-judgment), the cost of this action, and for any other and further relief this Court or a jury deems appropriate.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

_____
Philip B. Zipin, Bar No. 367362
Gregg C. Greenberg, Bar No. MD17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: pzipin@zipinlaw.com
       ggreenberg@zipinlaw.com

*Counsel for Plaintiffs*